UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

S2 Yachts, Inc.,

    Plaintiff,

v.                                                                                  Case No.

ERH Marine Corp.                                                    Hon.

    Defendant.

## COMPLAINT

NOW COMES S2 YACHTS, INC., by counsel, and for its Complaint against the Defendant, ERH MARINE CORP., stating as follows:

### Parties, Jurisdiction and Venue

1. S2 Yachts Inc. ("S2") is a corporate citizen of the State of Michigan having its principal place of business in Holland, Michigan.

2. ERH Marine Corp. ("ERH") is a corporate citizen of the Dominican Republic having its principal place of business in Santo Domingo, Dominican Republic. Additionally, ERH has consented to the jurisdiction of this Court with respect to the matters set forth herein, pursuant to the terms of the contractual agreements described below.

3. The matters generally alleged in this Complaint relate to the Defendant's entering into contracts to be performed in, and ERH's transaction of business, in Allegan County, Michigan, as generally described below. Additionally, ERH has consented to venue being proper in this Court with respect to the matters set forth herein, pursuant to the terms of the contractual agreements described below.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as a matter arising under the Dominican Republic Central America Free Trade Agreement ("DR - CAFTA"), a treaty between the United States and the Dominican Republic (and other signatories).

5. Venue is proper in this Court.

## Common Allegations

6. S2 does business under the trade names "Tiara Yachts" "Tiara Sport" and "Pursuit Boats."

7. S2 is in the business of designing, manufacturing and selling (at wholesale) boats for resale (at retail) by independent marine dealers. S2 does business under various brands, including "Tiara Yachts" and "Pursuit Boats."

8. ERH is an independent business which buys (at wholesale) and resells (at retail) boats, together with other business activities.

9. In the early 2000s, the parties entered into two, separate agreements by which ERH contracted to become an authorized dealer for the sale of certain Tiara Yachts products, (the "Tiara Yachts Agreement"), and Pursuit Boats products, (the "Pursuit Boats Agreement"), in the Dominican Republic.

10. The Tiara Yachts Agreement, and the Pursuit Boats Agreement, have been renewed and extended from time-to-time by superseding contracts.

11. On August 5, 2014, the parties executed a new Tiara Yacht Agreement (attached as Exhibit A) and the Pursuit Boats Agreement (attached as Exhibit B).

12. Pursuit to Section XV of the Tiara Yachts Agreement and the Pursuit Boats Agreement, the 2014 agreements (Exhibits A and B) "supersede[] all other agreements of any

nature and contain[] the entire agreement between the parties" with respect to their business relationship.  (See Section XV of Exhibits A and B).

13. Pursuant to Section XII of the Tiara Yachts Agreement and the Pursuit Boats Agreement, the Agreements are to be "governed by and interpreted and construed in accordance with the laws of the State of Michigan, USA, excluding principles of conflicts of law and excluding the United Nations Convention for the International Sale of Goods. Any legal action between the parties under or relating to this Agreement shall be brought only in the Allegan County, Michigan, Circuit Court or the United States District Court for the Western District of Michigan and the parties each hereby irrevocably submit to their jurisdiction and waive any objection to jurisdiction or venue in those Michigan courts…" (See Section XII of Exhibits A and B).

14. Accordingly, both the Tiara Yachts Agreement and the Pursuit Boats Agreement are governed by Michigan law, and jurisdiction is proper in the United States District Court for the Western District of Michigan.

15. Under the terms of the agreements, the agreements may be amended or modified by written instrument signed by both parties. (See Section XV of Exhibits A and B).

16. On August 26, 2015, the parties agreed to extend the Tiara Yachts Agreement and the Pursuit Boats Agreement through July 31, 2016. (See Exhibits C and D).  Additionally, on July 5, 2017, the parties agreed to extend the Pursuit Boats Agreement through July 28, 2018.  (See Exhibit E). Thus:

> a. The Tiara Yachts Agreement expired on July 31, 2016, but has been extended by implied agreement between the parties, or alternatively has been abandoned and treated as expired by the parties; and,

3

   b. The Pursuit Boats Agreement expires on July 28, 2018 by express agreement between the parties.

17. ERH claims that S2 cannot allow the Tiara Yachts Agreement and Pursuit Boats Agreement to expire, without renewal, unless S2 pays substantial "indemnity" damages to ERH pursuant to the Dominican Republic's so-called Law No. 173.  Law No. 173 is intended to protect local Dominican agents and distributors of foreign products against unfair or unilateral termination of their distributorships by foreign suppliers once their products have gained a foothold in the Dominican market. Law No. 173 grants protection to local agents and distributors by allowing termination by a foreign supplier only in cases involving "just cause".

18. Under any circumstances, Law No. 173 does not apply to "Covered Contracts" unless the underlying business relationship is registered with the Central Bank of the Dominican Republic.  The business relationship reflected in the Pursuit Boats Agreement was never registered with the Central Bank of the Dominican Republic, and Law No. 173 does not apply to the Pursuit Boats Agreement under any circumstances because the Pursuit Boats Agreement is not a Covered Contract.

19. DR - CAFTA went into effect in the Dominican Republic ("DR-CAFTA") on March 1, 2007.

20. Among other provisions, DR - CAFTA substantially changed and superseded the application of Law No. 173 to Covered Contracts.

21. Pursuant to Annex 11.13, Section B of the DR-CAFTA, Law No. 173 does not apply to contracts signed after 2007, unless the contract explicitly provides for the application of such provision.

22. The Tiara Yachts Agreement and Pursuit Boats Agreement were signed after 2007.

23. Among other provisions, Annex 11.13, Section B (1) of the DR-CAFTA provides that (in place of Law No. 173):

   a. The termination of the covered contract, either on its termination date or pursuant to subparagraph (d) [cited directly following], as just cause for a goods or service supplier to terminate the contract or allow the contract to expire without renewal; and,

   b. If the covered contract has no termination date, allow it to be terminated by any of the parties by giving six months advance termination notice.

24. Annex 11.13, Section B (1) of the DR-CAFTA also provides that the parties to a covered contract may establish in the contract the mechanisms and forums that will be available in the case of disputes with respect to such contracts.

25. On January 26, 2018, S2 notified ERH that it would not renew the Tiara Yachts Agreement after the end of Tiara Yachts' current model year, that being July 31, 2018. (See Exhibit F).

26. On and before January 29, 2018, S2 notified ERH that it would not renew the Pursuit Boats Agreement following the expiration of that agreement (as expressly extended), that being July 28, 2018. (See Exhibit G).

27. Since then, ERH has refused to accept S2's termination of the Tiara Yachts Agreement and the Pursuit Boats Agreement, claiming that S2 did not have just cause for the termination.

28. ERH contends that the Tiara Yachts Agreement and the Pursuit Boats Agreement signed in the early 2000s are the operative agreements.

29. ERH further contends that since the alleged operative agreements were signed in the early 2000s, Law No. 173 applies to them both, and prohibits S2 from terminating either agreement without just cause. ERH has threatened to commence a legal action against S2 in the Dominican Republic, contrary to the terms of the Tiara Yachts Agreement and Pursuit Boats Agreement, and also contrary to the provisions of DR – CAFTA, as set forth above. ERH has further claimed substantial damages from S2.

30. S2 maintains that because the Tiara Yachts Agreement and the Pursuit Boats Agreement were both signed in 2015, and neither agreement contains any provision that states that Law No. 173 shall apply, S2 is within its rights to cancel either agreement without cause. Further S2 claims that the Pursuit Boats Agreement is not protected under Law No. 173, under any circumstances, as set forth above.

## **Count I – Declaratory Judgment - Tiara Yachts Agreement**

31. S2 incorporates Paragraphs 1 through 30, as set forth above.

32. An actual case or controversy exists between the parties concerning their respective rights and obligations under, arising from and/or with respect to the Tiara Yachts Agreement and related matters.

33. S2 has complied with each and every one of its obligations under the terms of the Tiara Yachts Agreement and any and all matters of any kind related thereto.

34. Because the most recent Tiara Yachts Agreement was signed in 2014 and expressly superseded all prior agreements, Law No. 173 does not apply. Under Annex 11.13, Section B of the DR-CAFTA, S2 is entitled to non-renew and terminate the Tiara Yachts Agreement.

35. Accordingly, S2 is entitled to and hereby seeks a declaratory judgment declaring the parties' respective rights and obligations under, arising from and/or with respect to the Tiara Yachts Agreement and any and all matters of any kind related thereto.

36. S2, among other things, seeks a declaratory judgment declaring that: (a) S2's interpretation and application of the Tiara Yachts Agreement, including without limitation, Sections XVII, and XV, are correct in all respects; (b) the Tiara Yachts Agreement signed in 2014 (as expressly or impliedly extended) is the operative agreement between the parties; (c) Law No. 173 does not apply to the 2014 Tiara Yachts Agreement (as expressly or impliedly extended); (d) S2 has complied with each and every one of its obligations under the terms of the Tiara Yachts Agreement (as expressly or impliedly extended; and (e) ERH is not owed any monies by S2 for non-renewing or otherwise terminating the Tiara Yachts Agreement.

WHEREFORE, S2 respectfully requests that the Court enter an Order as follows:

A. Declaring the parties' respective rights and duties under, arising from and/or with respect to the Tiara Yachts Agreement and any and all matters of any kind related thereto;

B. Awarding S2 its attorney's fees, costs and interest; and

C. Granting S2 any and all further relief that this Court deems proper and just.

## Count II – Declaratory Judgment Pursuit Boats Agreement

37. S2 incorporates Paragraphs 1 through 30, as set forth above.

38. An actual case or controversy exists between the parties concerning their respective rights and obligations under, arising from and/or with respect to the Pursuit Boats Agreement and related matters.

39. S2 has complied with each and every one of its obligations under the terms of the Pursuit Boats Agreement and any and all matters of any kind related thereto.

40. Because the most recent Pursuit Boats Agreement was signed in 2014 and expressly superseded all prior agreements, and because ERH never registered the business relationship underlying the Pursuit Boats Agreement with the Central Bank of the Dominican Republic, Law No. 173 does not apply, and S2 is entitled to non-renew and terminate the Pursuit Boats Agreement.

41. Accordingly, S2 is entitled to and hereby seeks a declaratory judgment declaring the parties' respective rights and obligations under, arising from and/or with respect to the Pursuit Boats Agreement and any and all matters of any kind related thereto.

42. S2, among other things, seeks a declaratory judgment declaring that: (a) S2's interpretation and application of the Pursuit Boats Agreement, including without limitation, Sections XVII, and XV, are correct in all respects; (b) the Pursuit Boats Agreement signed in 2014 (as expressly extended) is the operative agreement between the parties; (c) Law No. 173 does not apply to the 2014 Pursuit Boats Agreement; (d) S2 has complied with each and every one of its obligations under the terms of the Pursuit Boats Agreement (as expressly extended); and (e) ERH is not owed any monies by S2 for terminating the Pursuit Boats Agreement.

WHEREFORE, S2 respectfully requests that the Court enter an Order as follows:

A. Declaring the parties' respective rights and duties under, arising from and/or with respect to the Pursuit Boats Agreement and any and all matters of any kind related thereto;

B. Awarding S2 its attorney's fees, costs and interest; and

C. Granting S2 any and all further relief that this Court deems proper and just.

Dated:  April 9, 2018

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiff

By: *s/Jeffrey D. Smith*
    Jeffrey D. Smith (P31101)
    Raechel T.X. Conyers (P80156)
    Honigman Miller Schwartz and Cohn LLP
    650 Trade Centre Way, Suite 200
    Kalamazoo, MI 49002
    (269) 337-7722
    jsmith@honigman.com